UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/08

------------------------------------x

THE EXECU/SEARCH GROUP, INC.,

               Plaintiff,

      - against -

NIGEL NICHOLS,

               Defendant.

------------------------------------x

06 Civ. 3646 (TPG)

**OPINION**

    Plaintiff Execu/Search Group moves to compel defendant Nichols to respond to Execu/Search's first document request and to submit to a deposition. Nichols cross-moves to compel Execu/Search to produce documents that Execu/Search claims are protected both as attorney work product, see Fed. R. Civ. P. 26(b)(3), and as the opinions of an expert who will not be called at trial, see Fed. R. Civ. P. 26(b)(4)(B).

    Plaintiff's motion is granted in large part. Defendant's motion is denied.

## **Background**

    This case is about the alleged misappropriation and unauthorized distribution of proprietary Execu/Search information by Nichols, the former head of information technology at Execu/Search. Execu/Search, a recruiting firm, claims that Nichols improperly downloaded client lists from Execu/Search's computer systems and provided them to a group of former Execu/Search employees who had left to start a new company,

The Atlantic Group. Nichols counterclaims that Execu/Search violated ERISA and destroyed relevant evidence.

Execu/Search initially served on Nichols a deposition notice and its "First Request for the Production of Documents," which included thirty-five specific document requests, in July 2006. In October 2006, Nichols served on Execu/Search its "First Request for Production of Documents," which contained fifty document requests regarding a variety of subjects.

The court held a scheduling conference with the parties in September 2006. Execu/Search subsequently re-noticed Nichols's deposition for October 2006, but Nichols objected to that date and sought the court's assistance. At another conference with the court and in subsequent conversations with chambers, the parties were encouraged to resolve their discovery disputes without further judicial intervention. Execu/Search requested another conference with the court in January 2008, and filed the current motion in June 2008.

Nichols then responded to the Execu/Search document request in July 2008. In his "Responses and Objections to Plaintiff's First Request for the Production of Documents," Nichols responded to most of the requests—including requests for documents supporting his own counterclaims—by noting that he "will continue to search for any responsive documents," without actually producing any documents. In other instances, he objected that Execu/Search already possesses

responsive documents, apparently as a justification for Nichols failing to produce information. Nichols appears to have produced fewer than 170 pages of documents in response to thirty-five discrete requests.

## **Plaintiff's Motion**

Execu/Search asks the court to order that defendant (1) immediately produce all documents in his possession or control responsive to Execu/Search's document requests; (2) set a date within 30 days at which Nichols must appear for a deposition; and (3) pay the attorney's fees and costs incurred by Execu/Search because of this motion. Execu/Search recognizes that Nichols finally responded to the document request in July 2008, but argues that the production is still inadequate because it did not include Nichols's calendars, telephone bills, tax returns, correspondence with other Execu/Search employees, or documents regarding The Atlantic Group.

In his submission to the court, Nichols takes a somewhat different position from what he put in his response to the Execu/Search document request. He now offers three justifications for his failure to produce further documents or appear for a deposition. First, Execu/Search has not provided the discovery that Nichols seeks (because Execu/Search has asserted that the information is protected from disclosure under the Federal Rules). Second, Execu/Search has

engaged in various improper tactics unrelated to the discovery dispute.[1] Third, Execu/Search's discovery requests are overbroad.

These contentions are without merit. Neither the conduct alleged by Nichols nor Execu/Search's decision to assert that certain information is protected from disclosure allows Nichols to excuse himself from his discovery obligations. Moreover, most of the discovery requests propounded by Execu/Search do not appear to be overbroad; instead, they are facially relevant to the issues in this litigation, with one possible exception. Nichols may be justified in his objection to Request 8, which seeks his tax returns for 2005 and 2006. Execu/Search should submit additional information to the court explaining the relevance of such documents, if it still wishes to receive them.

Nichols is directed to produce documents in response to all of plaintiff's requests (except Request 8, which is discussed above) by December 19, 2008. Nichols and his counsel must also certify that they have conducted a complete search of all places likely to contain such information that are within Nichols's possession, custody, or control. Nichols is directed to appear for a deposition by January 19, 2009. The court reserves decision on Execu/Search's motion for fees and costs associated with this motion until the conclusion of the litigation.

---

[1] Nichols asserts that Execu/Search (1) brought this case in bad faith, and failed to adequately prosecute it; (2) contacted Nichols directly, rather than through counsel; and (3) interfered with Nichols's effort to seek discovery directly from Execu/Search's computer expert, who is discussed below.

## Defendant's Cross-Motion

Nichols cross-moves to compel discovery. Although his motion is littered with complaints about Execu/Search's conduct in this litigation, the only relief that Nichols actually seeks is an order compelling Execu/Search to produce all documents responsive to the document requests served by Nichols, notwithstanding its objections. The only one of these objections that Nichols specifically challenges is Execu/Search's claim that documents regarding the work of David Goldstein, an individual hired to conduct a forensic examination of the Execu/Search computer systems, are protected from disclosure.

Execu/Search appears to rely on two provisions of the Federal Rules of Civil Procedure to withhold these documents. In its "Objections and Responses to Defendant's First Request for Production of Documents," Execu/Search objected that this information is protected as attorney work product. See Fed. R. Civ. P. 26(b)(3). In its response to Nichols's motion, however, Execu/Search relies on what it calls the "consulting expert exemption." See Fed. R. Civ. P. 26(b)(4)(B).

Under Rule 26(b)(3), "a party may not discover" work product— i.e., documents "prepared in anticipation of litigation"—except to the extent that the party seeking the documents shows "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Execu/Search has made a

credible claim that Goldstein's work qualifies as work product, and Nichols has failed to make the showing required to override this protection. His only argument is that because Execu/Search's case is based on the protected documents, Nichols is entitled to see them. This contention does not amount to a showing that Nichols could not obtain the equivalent of this information by other means.

Also, Rule 26(b)(4)(B) protects the opinions of an expert from discovery when that expert has been retained in anticipation of litigation and is not expected to be called as a witness at trial. Fed. R. Civ. P. 26(b)(4)(B). This protection can be overcome by a showing of "exceptional circumstances under which it is impracticable for the party to obtain [the information] . . . by other means." Id. Execu/Search has made a credible argument that Goldstein's work qualifies for this protection, and Nichols has not demonstrated that exceptional circumstances exist that would prevent him from obtaining the information by other means.

Nichols's cross-motion to compel is denied.

SO ORDERED.

Dated: New York, New York
       November 25, 2008

/s/ Thomas P. Griesa
Thomas P. Griesa
U.S.D.J.