USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

THE EXECU/SEARCH GROUP, INC.,

                Plaintiff,

- against -

NIGEL NICHOLS,

                Defendant.

------------------------------------------------x

06 Civ. 3646 (TPG)

**OPINION**

On November 25, 2008, the court issued an opinion granting in part the motion of plaintiff Execu/Search to compel discovery and denying defendant Nichols's cross-motion to compel discovery. Nichols now moves for reconsideration of the court's decision. The motion is denied.

Although Nichols moves for reconsideration of the court's entire opinion, he only presents arguments in support of his initial cross-motion to compel discovery. The current motion therefore suggests no basis for reconsidering the court's decision regarding plaintiff's motion to compel.

Nichols offers two arguments for reconsideration of the court's denial of his cross-motion. First, he argues that the documents he seeks are not protected under the work product doctrine, both because the documents do not qualify as work product and because Execu/Search waived any work product claim that may have existed. Second, Nichols

offers a conclusory assertion that Execu/Search failed to respond fully to Nichols's document requests.

In his initial motion, Nichols sought an order requiring Execu/Search to produce all documents responsive to the document requests served by Nichols, notwithstanding its objections. However, the only one of these objections that Nichols specifically challenged was Execu/Search's claim that documents regarding the work of David Goldstein, an individual hired to conduct a forensic examination of the Execu/Search computer systems, are protected from disclosure. The court ruled that Execu/Search had made a credible claim that the documents are protected by two provisions of the Federal Rules of Civil Procedure: Rule 26(b)(3), which protects work product, and Rule 26(b)(4)(B), which protects the opinions of an expert who is not expected to be called as a witness at trial. The court also ruled that Nichols had not made the showings necessary to overcome these protections.

The court declines to reconsider its decision on this issue. First, Nichols is attempting to present new arguments in his motion for reconsideration that he failed to raise in his earlier motion. The only argument that Nichols initially raised in order to overcome the work product protection was that Execu/Search's case relies on the protected information. Nichols did not claim, as he does now, either that the documents do not qualify as work product or that Execu/Search waived its claim of work product protection. Second, even if the court were

inclined to reconsider its ruling under Rule 26(b)(3), Nichols has not meaningfully challenged the court's ruling that the documents are also protected under Rule 26(4)(B). Instead, Nichols conflates the independent protections provided by these two provisions and therefore fails to address an independent basis for the court's decision.

Finally, the court did not overlook Nichols's complaint that Execu/Search had asserted objections to Nichols's document requests. Rather, Nichols offered no argument—and still offers none—that the Execu/Search objections were invalid.

The motion for reconsideration is denied.

SO ORDERED.

Dated: New York, New York
December 12, 2008

Thomas P. Griesa
U.S.D.J.